JAP:JDG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-09-1239**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

NICHOLAS MCMANUS,

        Defendants.

- - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
ARREST WARRANT

(T. 18, U.S.C.,
§§ 922(g), 922(k))

EASTERN DISTRICT OF NEW YORK, SS:

      JACOB BERRICK, being duly sworn, deposes and says that he is a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

      Upon information and belief, on or about December 11, 2009, within the Eastern District of New York, the defendant NICHOLAS MCMANUS, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a .32 caliber Davis Industries semi-automatic pistol with the manufacturer's serial number removed, obliterated

or altered, in violation of Title 18, United States Code, Sections 922(g)(1) and 922(k).

(Title 18, United States Code, Sections 922(g)(1) and 922(k))

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. I have been a Special Agent with the ATF for approximately one and one-half years. The factual information in this affidavit is based in part on information from reviews of records of the New York City Police Department ("NYPD"), conversations with police officers and other official records of government agencies.

2. During the afternoon of December 11, 2009, NYPD detectives James Rivera and Warren Rohan of the Brooklyn North Narcotics 77th Precinct Module ("Brooklyn North Narcotics") were conducting surveillance of 1519 Dean Street, an approximately three-story apartment building in Brooklyn, New York (the "target location"). The detectives were conducting surveillance of the target location that afternoon because they had developed information that narcotics - including cocaine base, otherwise known as "crack" and marijuana - were being sold out of

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest NICHOLAS MCMANUS, as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

apartments in the building.  The detectives were sitting in a parked unmarked car facing east on Dean Street between Albany and Troy Avenues, on the same side of Dean Street as the target location.  The detectives were parked facing the target location, approximately four houses away.

       3.    After approximately 1:00 p.m., Detectives Rivera and Rohan observed an individual later identified as the defendant NICHOLAS MCMANUS enter the target location.  The detectives observed that MCMANUS was wearing a bright teal or aquamarine baseball cap.  Shortly thereafter, the detectives observed MCMANUS leave the target location.  The defendant walked back towards where the detectives were parked.  The detectives observed that the defendant had a number of small red-colored plastic "Ziploc"-type bags in his hand.  The detectives determined, based on their training and experience, that the bags the defendant was holding appeared to be of a type and kind typically used to hold narcotics.  In addition, Detective Rivera determined that the plastic bags the defendant was holding were very similar in size and shape to bags containing marijuana that Detective Rivera had previously seized from an individual whom Detective Rivera arrested after that person left the target location.  That arrest had occurred approximately one week before the events at issue in this affidavit.

4. The detectives got out of the unmarked car, identified themselves as police officers and approached the defendant. As they did so, the defendant NICHOLAS MCMANUS dropped the bags he was holding in his hands to the ground. The detectives placed the defendant in handcuffs and patted him down in a search for weapons. The detectives did not locate any weapons during the initial pat-down of the defendant. The defendant asked the detectives, in sum and substance, whether they were stopping him because he had come out of the target location and said that he was there to see his cousin. The detectives asked the defendant where his cousin lived. He replied, in sum and substance, on the second floor of the target location. The detectives observed that the plastic bags the defendant had thrown to the ground contained a substance that appeared to be marijuana. The contents of the two bags seized on the ground later field-tested positive as marijuana.

5. The detectives then radioed colleagues from the NYPD who were in the immediate vicinity to come to the area where they had stopped and arrested the defendant in order to take the defendant for processing. The defendant struggled to get away from the detectives. Detective Rohan tripped the defendant with his foot and he fell to the ground. The defendant continued to struggle and appear agitated. The detectives asked the defendant, in sum and substance, whether he had anything on him

that he was not supposed to. The defendant replied, in sum and substance, that he had a "gun in his balls."

6.  Detective Rivera then searched the defendant NICHOLAS MCMANUS's groin area for a gun. The defendant was wearing jeans, with sweat pants underneath. Detective Rivera located a .32 caliber Davis Industries semi-automatic pistol in the defendant's underwear, under his jeans and his sweat pants. The gun was not loaded. After the detectives found the gun, the defendant stated, in sum and substance, that there was a warrant for his arrest.

7.  The defendant was then taken away from the area by other NYPD officers. Later that day, while reviewing the seized gun, the detectives observed that the gun's serial number had been scratched out. In addition, the detectives determined that a warrant had been issued for the defendant's arrest, in connection with a New York State Parole violation.

8.  A criminal history check of the defendant NICHOLAS MCMANUS revealed that he has a criminal record that includes a conviction for a violent crime. He was convicted on December 14, 2005, in Kings County, New York, for Robbery in the Second Degree, pursuant to Section 160.10(2)(b) of the New York Penal Law, which is a felony punishable by a term of imprisonment of more than one year, and he was sentenced to a term of imprisonment of four years on January 12, 2006.

9. I am informed by an ATF Interstate Nexus Expert that the .32 caliber Davis Industries semi-automatic pistol seized from the defendant NICHOLAS MCMANUS on December 11, 2009 was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for defendant NICHOLAS MCMANUS so that he may be dealt with according to law.

                                        JACOB BERRICK
                                        Special Agent
                                        ATF

Sworn to before me this
16th day of December 2009

                                        RELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK